# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VIRGIL RUSHING | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| EMPLOYEE OF SOUTHEASTERN PA | : | |
| TRANSPORT AUTHORITY, Bus Driver, | : | |
| EMPLOYEE OF SOUTHEASTERN PA | : | |
| TRANS AUTHORITY, Bus Driver and | : | |
| EMPLOYEE OF SOUTHEASTERN PA | : | |
| TRANS AUTHORITY, Bus Driver | : | NO. 19-890 |

## MEMORANDUM OPINION

**Savage, J.**                                                                                   **March 27, 2019**

*Pro se* plaintiff Virgil Rushing has filed a complaint against three unnamed SEPTA employees and a motion for leave to proceed *in forma pauperis*. For the following reasons, we shall grant Rushing leave to proceed *in forma pauperis* and dismiss his complaint with leave to amend.

## FACTS

In his complaint, Rushing asserts that he is invoking federal question jurisdiction based upon "retaliation[,] cause of injury case discrimination, hate crime, homo-harassment, attempted murder by bus drivers."[1] He asserts that the three bus drivers tried to run him over on three separate occasions.[2] According to Rushing, they tried to run him over in retaliation for his previously filed federal action.[3] Rushing called the

---

[1] Compl. at 4 (Doc. No. 2). We use the pagination assigned to the complaint by the CM/ECF docketing system.

[2] *Id.* at 5.

[3] *Id.*

SEPTA complaint line ten times to report the drivers' actions.[4]  As relief, Rushing asks that the Court order the bus drivers to retake the bus driving test or, in the alternative, that they be fired.[5]  He also seeks $5,000.00 to $10,000.00 "or more" from each bus driver.[6]

## STANDARD OF REVIEW

Because it appears that he is not capable of paying the fees necessary to commence this action, we shall grant Rushing leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. §1915(e)(2)(B)(ii) requires us to dismiss the complaint if it fails to state a claim.

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory statements and naked assertions will not suffice.  *Id.*  Because Rushing is proceeding *pro se*, we construe his allegations liberally.  *Higgs v. Att'y Gen*., 655 F.3d 333, 339 (3d Cir. 2011).

## DISCUSSION

Rushing vaguely asserts "retaliation[], discrimination, hate crime, homo-harassment."[7]  To the extent that he is asserting claims pursuant to Title VI of the Civil

---

[4] *Id.*

[5] *Id.* at 6.

[6] *Id.*

[7] *Id.* at 4.

2

Rights Act of 1964, those claims fail.  Title VI states: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  42 U.S.C. § 2000d.  Title VI, however, does not provide for individual liability.  *See L.L. v. Evesham Twp Bd. of Educ.*, 710 F. App'x 545, 549 n.4 (3d Cir. 2017) (citing *Shotz v. City of Plantation*, 344 F.3d 1161, 1170 n.12 (11th Cir. 2003)).  Accordingly, Rushing cannot maintain any Title VI claims against the three individual bus drivers.[8]

Reading the complaint most liberally, we generously consider Rushing to be raising constitutional claims pursuant to 42 U.S.C. § 1983.  To state a claim under § 1983, a plaintiff must allege the deprivation of a constitutional right and that the alleged deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Here, nothing in the complaint even suggests, let alone alleges, that the three bus drivers are state actors or that they violated Rushing's constitutional rights.  Accordingly, any § 1983 claims will be dismissed.

Rushing could be raising a state law tort claim for assault against the three bus drivers.  Because his federal claims fail, we decline to exercise supplemental jurisdiction.  Accordingly, the only independent basis for jurisdiction over any state claim is 28 U.S.C.

---

[8]  To the extent Rushing seeks to assert Title VI claims against SEPTA itself, those claims fail as well.  The United States Court of Appeals for the Third Circuit has noted that "SEPTA receives federal funding for many of its activities."  *Disabled in Action of Pa. v. SEPTA*, 539 F.3d 199, 202 (3d Cir. 2008).  Rushing's complaint, however, is devoid of facts suggesting that SEPTA discriminated against him based upon his race, color, or national origin.  Moreover, to the extent Rushing's reference to "homo-harassment" is a claim that SEPTA discriminated against him on the basis of his sexual orientation, Title VI is inapplicable because it does not address discrimination based on sexual orientation.  *See Foster v. Michigan*, 573 F. App'x 377, 388 (6th Cir. 2014); *Thomas v. Wright*, No. 2:14-cv-01604-RDP, 2014 WL 6983302, at *4 (N.D. Ala. Dec. 10, 2014); *Hall v. Prince George's Cty.*, No. Civ. A. 8:01-CV-02909, 2003 WL 23350258, at *4 (D. Md. Mar. 4, 2003), *aff'd*, 67 F. App'x 819 (4th Cir. 2003).

§ 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

Here, the complaint fails to establish that the parties are diverse for purposes of § 1332(a). Moreover, the amount in controversy does not exceed the jurisdictional threshold. Here, Rushing only seeks $30,000.00 ($10,000.00 from each bus driver), far below the jurisdictional threshold. Accordingly, Rushing has failed to meet his burden of demonstrating that this Court has subject matter jurisdiction over any state law tort claims he may be raising. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## CONCLUSION

Because Rushing has failed to state a federal cause of action and a basis for the exercise of subject matter jurisdiction, we shall dismiss his complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Considering Rushing's *pro se* status, we shall give him an opportunity to file an amended complaint within thirty days.

                  /s/TIMOTHY J. SAVAGE